·CLEVELAND BIGELOW, AS TRUSTEE, ETC.,

*v.*

POTO RICO PLANTERS COMPANY.

San Juan, Law, No. 1050.

ON MOTION TO DISMISS FOR WANT OF JURISDICTION.

·Citizenship—Jurisdiction.

1. The personal jurisdiction of the United States district court
for Porto Rico is based on citizenship, and not on residence. There
may be a suit between citizens of different states.

:Service—Nonresidents.

2. The acts of 1887 and 1888, which authorize the service of resi-
dents only, are not locally applicable in Porto Rico. Nevers v. Cen-
tral Altagracia, 3 Porto Rico Fed. Rep. 496, affirmed.

Opinion filed November 30, 1914.

*Mr. F. E. Neagle* for plaintiff.

*Mr. D. F. Kelley* for defendant.

HAMILTON, Judge, delivered the following opinion:

The matter was submitted upon a motion to dismiss for want
·of jurisdiction. The case has been briefed by both sides and
presents an important question of law. The act of 1875, in 18
Stat. at L. p. 470, chap. 137, Comp. Stat. 1913, § 991 (1), de-
fines the jurisdiction of the United States courts or circuit courts

in particular, and says, among other things, that a defendant may be served where he is found. And the construction of the courts has been in the case of corporations that this was applicable where the defendant had filed, in accordance with the local laws, a designation of an officer upon whom service should be had. This seems to have been amended by subsequent acts of March 3, 1887, and August 13, 1888, in 25 Stat. at L. p. 434, chap. 866, Comp. Stat. 1913, § 1011, which removed the last provision, that is to say, that which allows the defendant to be served where he may be found. The judiciary act of March 3, 1911, contains substantially the same provisions as the acts of 1887 and 1888, so that in the States the residence of the defendant would be very largely the controlling factor.

The question comes up as to what is the law covering the subject for this court here in Porto Rico. The organic act of 1900 established this court, that is, in its present shape, giving it the jurisdiction of circuit and district courts, which would of itself bring about very much the same result as the acts just above spoken of; but there is an amendment of the organic act of March 2, 1901, 31 Stat. at L. p. 953, chap. 812, Comp. Stat. 1913, § 3793, which extends the jurisdiction of this court and gives it a great many powers that are not given to the ordinary district and circuit courts in the States, and, amongst others, authorizes suits between parties who are citizens of different states or who are American citizens, and also makes a change in the jurisdictional amount. The matter therefore can be considered from one of two points of view.

1. In the first place, it would seem as if the organic act, as amended, authorizes a suit between citizens of different states, although none of them is a resident of Porto Rico. In other

Bigelow v. Porto Rico Planters Co.

words, it establishes a jurisdiction based on citizenship, and not on residence. This in its bare statement, if followed literally, would have some disadvantages, but these would never come up, because the party could never be served unless he was in Porto Rico. So there would probably be no bad results.

2. In the second place, it would seem as if the acts of 1887 and 1888, which authorize the service only of residents, are not locally applicable, especially in Porto Rico, at the great distance it is from the mainland, and in a community and under laws where even partnerships, not to speak of corporations, are regarded as entities separate from the persons themselves. It would appear therefore that the acts of 1887 and 1888, which limit the jurisdiction to defendants who are residents, are not locally applicable to Porto Rico, and so do not apply in Porto Rico.

3. In the third place, whatever may be the merit of the above discussion, the exact point has come up in this court in Nevers v. Central Altagracia, 3 Porto Rico Fed. Rep. 496. The matter has been there discussed at great length and with great care by Judge Rodey, and he came to the same conclusion that has been above expressed as a matter of principle. So that it would seem to be a matter that is *res judicata* for this court, and I have considered it above simply to show that reasoning, apart from the question of authority, would bring me to the same conclusion. I do not want to be understood as investigating anew any subject which has been decided by this court simply for the sake of discussing it, but in this case it re-enforces, if necessary, the reasoning of Judge Rodey, and the conclusion reached in that case is agreed with.

The motion to dismiss for want of jurisdiction is denied, and the case will now pursue its regular course.